UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                 Case No. 22-CR-26

PHILLIP DANIELS, SR, et al.,

          Defendants.

## ORDER

Before the court is the government's "Motion for Complex Case Designation." (ECF No. 106.)

As this court has previously explained, there is no such thing as a motion for a "complex case designation." *See United States v. Doxtator*, 19-CR-98 (E.D. Wis. June 20, 2019), ECF No. 18 at 1 (citing *United States v. Ashford*, 15-CR-108, (E.D. Wis. Oct. 20, 2015), ECF No. 181 at 11; *United States v. Avila-Rodiguez*, 10-CR-163 (E.D. Wis. Nov 18, 2010), ECF No. 34 at 2). Neither the Federal Rules of Criminal Procedure nor the court's Local Rules recognize such a motion. It is simply shorthand that has developed in this district for cases that will proceed in accordance with a customized schedule determined following a pretrial conference.

As the basis for its motion, the government points to "Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(ii) and Crim. L.R. 12.1(a) (E.D. Wis.)." (ECF No. 106 at 1.) Section 3161 outlines how time is calculated under the Speedy Trial Act. Subsection (h)(7)(A) authorizes the court to exclude time when "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." And subsection(h)(7)(B)(ii) states that one factor that the court should consider when deciding whether an exclusion of time serves the ends of justice is

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Neither provision contemplates anything that might be construed as a "Motion for Complex Case Designation," nor suggests what might follow from such a designation.

The government also refers to Criminal Local Rule 12.1(a). No such Rule exists, and none has existed since 2010. The court presumes that the government intended to refer to Criminal Local Rule 12(a)(1). But, again, this Rule does not refer authorize anything that might be regarded as a "Motion for Complex Case Designation." Rather, Crim. L.R. 12(a)(1) authorizes the government to request a pretrial scheduling conference and outlines the procedure for doing so: "the government must notify the Clerk of Court when the indictment or information is filed that the case may be

2

appropriate for a pretrial scheduling conference pursuant to Fed. R. Crim. P. 17.1." The standard means for the government to request a pretrial conference is to check the "Yes" box next to the "Pretrial Conference Necessary?" question on the indictment Information Sheet. The government did so here. (ECF No. 70-2.) That is the end of the matter.

The notion of "designating a case as complex" has long confused the bench and bar alike, *see, e.g.*, *Avila-Rodriguez*, ECF No. 34 (order rejecting defense objections to case designation as "complex"), and perhaps it is time for the shorthand to be abandoned for terminology that better reflects what is actually involved—a request for a pretrial conference. The government having requested a pretrial conference in accordance with Criminal Local Rule 12(a)(1), nothing further is required.

The court approves that request, and therefore the court will schedule a pretrial scheduling conference following the defendants' arraignments on the superseding indictment. Because a "complex" designation has no greater significance than the court agreeing to withhold scheduling until following a pretrial conference (and the government has already requested and the court approved this request), the

government's motion is denied.

    **SO ORDERED**.

Dated at Milwaukee, Wisconsin this 4th day of January, 2023.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge